UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HORUS EXPRESS TRUST BY ITS
TRUSTEE/BENEFICIARY CLARENCE-
DENNIS: SUI GENERIS,

                        Plaintiff,

-against-

J.P. MORGAN CHASE, N.A., ET AL.,

                       Defendants.

25-CV-8746 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR AMENDED IFP APPLICATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Clarence Dennis brings this action *pro se*.[1] To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

      Plaintiff submitted an IFP application, but his responses do not establish that he is unable to pay the filing fees. Plaintiff states that he is unemployed and has no sources of income. He does not provide answers to any of the other questions on the IFP application. Because Plaintiff

---

[1] The complaint states that it was filed by Horus Express Trust "by its trustee/beneficiary" Clarence Dennis. (ECF 1, at 1.) However, an artificial entity, such as a trust, cannot proceed *pro se*. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citations omitted)). Furthermore, a nonlawyer can only represent his own interests in federal court. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)). Horus Express Trust, therefore, cannot proceed *pro se* and Plaintiff Dennis cannot assert claims on behalf of the trust. Because Plaintiff Dennis signed the complaint, the Court construes the complaint as being filed by Plaintiff Dennis on his own behalf.

has not completed the IFP application, the Court is unable to conclude that he is unable to pay the filing fees.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 25-CV-8746 (LTS), and address the deficiencies described above by answering all applicable questions on the IFP application and providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 24, 2025
        New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                            Chief United States District Judge